[No. 9254. Department One. November 29, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Puget Sound Electric Railway*, Plaintiff, v. JOHN R. MITCHELL, *Judge of the Superior Court for Thurston County*, Respondent.[1]

CARRIERS—REGULATIONS—RATES—RAILROAD COMMISSION—REVIEW —APPEAL—SUPERSEDEAS BOND—STATUTES. Rem. & Bal. Code, § 8629, providing for appeals from orders of the superior court reviewing orders of the railroad commission reducing railroad rates, which the superior court in its discretion might "suspend" pending the hearing, and which requires that bonds "shall" be required in addition to the usual appeal bond, is mandatory and contemplates a compensatory bond to supersede the judgment pending. the appeal to the supreme court; especially in view of the provision allowing appeal "as in other civil cases," and Rem. & Bal. Code, § 1722, providing for a stay in all cases.

Application for a writ of mandamus filed in the supreme court November 25, 1910, to compel the superior court for Thurston county, Mitchell, J., to fix the amount of a super-

[1]Reported in 111 Pac. 873.

sedeas bond pending an appeal from an order requiring a reduction of railroad rates.   Granted.

*B. S. Grosscup* and *James B. Howe*, for relator.

*The Attorney General*, and *W. V. Tanner, Assistant*, for respondent.

Gose, J.—The relator operates an electric railway between Seattle and Tacoma and intermediate points.   In November, 1909, W. H. Paulhamus lodged a complaint with the railroad commission, charging that the passenger rates of the Puget Sound Electric Railway, the relator herein, put into effect on the 17th day of October preceding, were unfair, unreasonable, and exorbitant; whereupon a citation was issued and a hearing had, terminating in an order requiring the relator to reduce its passenger rates to conform to a schedule of rates promulgated by the commission, within twenty days after receiving notice of the order.   The relator, within the time fixed by law, instituted proceedings in the superior court of Thurston county for a review as to the reasonableness and lawfulness of the order.   On November 21, a judgment was entered, affirming the order of the commission.   The relator thereupon, in open court, gave notice of appeal to this court, and moved the superior court and the judge thereof, the respondent here, to fix a bond in addition to the appeal bond which would operate as a supersedeas of the judgment pending the appeal.   The motion was denied but, at the request of the relator, the operation of the judgment was suspended for ten days, for the purpose of enabling the relator to apply to this court for a writ of mandate.   The relator has presented its petition to this court, together with a copy of the order of the railroad commission, and a copy of the record of the superior court showing the matters and things heretofore stated; and prays that a peremptory writ of mandate may issue, commanding the respondent to fix the amount of the stay bond, and to approve the same, upon a timely tender with sufficient surety.

Section 3, page 196, Laws of 1909 (Rem. & Bal. Code, § 8629), provides:

"Any railroad, express, telephone or telegraph company affected by the order of the commission and deeming it to be contrary to law, may institute proceedings in the superior court of the state of Washington, in the county in which the hearing before the commission upon the complaint had been held, and have such order reviewed and its reasonableness and lawfulness inquired into and determined. Pending such review, the court having jurisdiction may in its discretion, *suspend* the order of the commission until the further order of the court pending such litigation, in which event the court may require a bond with good and sufficient security, conditioned that such company petitioning for such review shall answer for all damages caused by the delay in the enforcement of the order of the commission, and all compensation for whatever sums for transportation, transmission or service any person or corporation shall be compelled to pay pending the review proceedings, in excess of the sum such person or corporation would have been compelled to pay if the order of the commission had not been suspended."

In accordance with this provision, on the application of the relator pending the hearing in the superior court, a bond of $20,000 was filed, and the order of the commission stayed. The same section of the statute, page 199, provides:

"If however, said action in review is instituted within said time the said railroad, express, telephone or telegraph company shall have the right of appeal or to prosecute by other appropriate proceedings, from the judgment of the superior court to the supreme court of the state of Washington, as in other civil cases. In all such proceedings, however, bonds *shall* be required conditioned as hereinbefore provided *in addition* to the usual appeal bond."

We think the language last quoted: "In all such proceedings, however, bonds shall be required conditioned as hereinbefore provided *in addition* to the usual appeal bond," is clearly mandatory. It leaves no discretion with either the court or "a railroad, express, telephone or telegraph company," when an appeal is taken by such company from an

order of the superior court upon a review of a proceeding had
before the railroad commission.    The legislature doubtless
foresaw that such appeals would in practically every case
present the question either of the reasonableness of the charge
for service or the efficiency of the service, and that the public
interest would be best promoted by requiring a stay bond in
addition to the ordinary appeal bond.    At any rate, it is so
provided.    The fact that the language of the statute last
quoted does not use the word "stay," does not militate against
this view.    It refers to the language first quoted, for the con-
dition of the bond, where an express provision is made for
suspending the order being reviewed upon the filing of a com-
pensatory bond.

It was argued by the attorney general that, the legislature
having made the stay pending the proceeding in the superior
court a matter of discretion, it would be absurd to presume
that it intended to make it mandatory on the final appeal.    It
has, however, in "all" cases made it mandatory upon public
service corporations to file both an appeal and a compensa-
tory bond as a condition precedent to an appeal from the
superior court.    The compensatory bond would serve no pur-
pose whatever if it did not operate to stay the judgment ap-
pealed from.

In *State ex rel. Great Northern R. Co. v. Railroad Commis-
sion, ante* p. 218, 110 Pac. 1075, we held that the rail-
road commission had a right of appeal under the general
law, although such right was not expressly given it by the
statute under consideration.    The conclusion was reached
by adopting a liberal construction of the appeal statutes.
The liberal rule cannot be given force as to one litigant and
denied as to another, without destroying that rule of equality
which lies at the foundation of all law.    It was apparent to
the legislature that the supersedeas bond provided for in the
general law was inapplicable to appeals from the orders of
the railroad commission, and it therefore provided for a com-
pensatory bond, so that the patrons of a public service cor-

poration would be protected in their rights if the final judg-
ment was in their favor.   If the protection is not adequate in
all cases, as it is apparent that it may not be, the defect can
only be cured by the law-making body.     The view we have
taken of the statute harmonizes with the general appeal law,
Rem. & Bal. Code, § 1722, which provides for a stay bond
upon appeal in all cases.   If we were in doubt as to the mean-
ing of the language discussed, the provision, giving the public
service corporation the right to appeal "as in other civil
cases," would require us to reach the same conclusion by ex-
tending the provisions of the general law touching super-
sedeas bonds to appeals of this character.

The peremptory writ will issue as prayed for.

RUDKIN, C. J., FULLERTON, MOUNT, and PARKER, JJ.,
concur.